**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 16, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ANTONE LAMANDINGO KNOX,

  Petitioner - Appellant,

v.

TOMMY SHARP, Interim Warden,

  Respondent - Appellee.

No. 20-7005
(D.C. No. 6:19-CV-00096-RAW-KEW)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY** [*]
_____

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Antone Knox, an Oklahoma prisoner proceeding pro se,[1] seeks a certificate of

appealability (COA) to appeal the district court's order denying his 28 U.S.C. § 2241

petition. For the reasons explained below, we deny his request and dismiss this

matter.

Knox has been an inmate in the Oklahoma prison system since 2002. He

asserts that in that time, he has periodically applied for and been denied parole. In

February 2019, he filed a § 2241 petition in the Western District of Oklahoma.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] We liberally construe Knox's pro se filings. But we neither act as his advocate nor excuse his failure to follow procedural rules. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

Construed liberally, Knox's petition claimed that (1) the parole board violated his First Amendment rights, including his right to access the courts, and his Fourteenth Amendment right to due process by refusing to provide him with the record of his parole denials and transcripts, (2) the retroactive application of Oklahoma's Truth in Sentencing Act and other parole procedures to his sentence violated the Ex Post Facto clause, and (3) he was wrongfully denied parole in violation of his due-process rights.

Shortly after Knox filed his petition, a magistrate judge in the Western District of Oklahoma recommended that the district court transfer Knox's petition to the Eastern District of Oklahoma because § 2241 petitions "must be filed in the district where the prisoner is confined" and Knox is confined in the Eastern District of Oklahoma. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Over Knox's objections, the district court transferred the case.

The respondent then filed a motion to dismiss, arguing that Knox failed to state a claim and, alternatively, that Knox impermissibly split his claims by raising substantially similar issues in two previous habeas petitions. The district court granted the motion to dismiss, agreeing that Knox failed to state a claim. Specifically, the district court noted that Knox's "petition is difficult to read and understand" and determined that Knox had "presented no arguments, authorities, or specifics showing how he is in custody in violation of the Constitution or the laws or treaties of the United States" or "how his sentence is being executed in an unconstitutional manner." R. 85–86. The district court also concluded that a request

2

for "parole records is not appropriate in a habeas petition" and that, regardless, respondent "is not the custodian of those records." *Id.* at 86. Finally, the district court denied Knox a COA.

Knox now asks us to issue a COA so he can appeal the district court's order. *See* 28 U.S.C. § 2253(c)(1)(A); *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (applying § 2253(c)(1)(A)'s COA requirement to § 2241 petitions). As the district court determined that Knox's petition stated no constitutional claims, we may grant a COA only if Knox "demonstrate[s] that reasonable jurists would find the district court's assessment of [his] constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In attempting to make such a demonstration, Knox first argues that the district court incorrectly concluded that the respondent need not provide his parole records because the respondent is not the custodian of those records. He notes that "the proper respondent in a habeas petition is the petitioner's custodian" and explains that he "ha[d] no choice [but] to name the warden." Aplt. Br. 6 (first quoting *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995), *superseded on other grounds by statute*, Fed. Courts Improvement Act of 1996, Pub. L. No. 104-317, 110 Stat. 3847 (1996)). Knox also contends that the respondent's attorney had the "authority" and "power to obtain" his records. *Id.* at 4. But even if these statements are true, Knox does not address the district court's reason for denying his records-request claim: that a § 2241 petition is not an appropriate mechanism to request documents because "[h]abeas corpus review is available under § 2241 if one is 'in custody in violation of

3

the Constitution or laws or treaties of the United States'" and a denial of a records request, even if improper, does not meet that standard. *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting § 2241(c)(3)). Thus, we decline to issue Knox a COA on this basis.

Knox next reasserts his contention that he has been illegally denied parole, impliedly arguing that reasonable jurists could debate the district court's determination on this constitutional claim because the district court ignored this argument. It is true, as Knox points out, that "a state parole statute can create a liberty interest when the statute's language and structure sufficiently limits the discretion of a parole board." *Boutwell v. Keating*, 399 F.3d 1203, 1213 (10th Cir. 2005). But even if we were to assume that the Oklahoma parole statute creates a liberty interest, Knox did not explain to the district court and does not explain to us how any of his parole denials violate his due-process rights with respect to that liberty interest. For example, he states that he is illegally being held in a supermax prison, which he explains impacts his eligibility for parole, but he does not explain how his placement in a supermax prison is illegal.[2] We therefore decline to issue a COA on this basis.

---

[2] In a similar vein, Knox argues due process requires parole authorities to "fu[r]nish to the prisoner a statement of its reasons for denial of parole." Aplt. Br. 15 (quoting *Vann v. Angelone*, 73 F.3d 519, 522 (4th Cir. 1996)). But in doing so, Knox relies on a case interpreting the Virginia parole statute. We have found no similar requirement in Oklahoma law requiring the parole board to give reasons for its decisions.

Knox further argues that we should grant him a COA because of misconduct and procedural irregularities that occurred in the district court. For example, Knox alleged that the district court was biased and that the district-court judge should have recused himself. But his accusations are nothing more than bare conclusions, and he fails to detail any of the conduct underlying his allegations. Knox also contends that the district court should have granted him discovery and a hearing. But these contentions amount to further requests for his parole records. And, as noted above, a § 2241 petition is not an appropriate vehicle for requesting records.

Accordingly, reasonable jurists could not "find the district court's assessment of [Knox's] constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. We therefore deny Knox's request for a COA and dismiss this matter.

Entered for the Court

Nancy L. Moritz
Circuit Judge

5